4   387
67   256
</div>

## Morgan *against* Chester.

Where a party recovered judgment against a sheriff's deputy, for default in his official duty, and took his body in execution; it was held, that such party was not thereby barred of his remedy against the sheriff for the same default.

This was an action against the defendant, as sheriff of the county of *Hartford,* for the default of *Titus L. Bissell,* one of his deputies, in relation to an execution in favour of the plaintiff against *Serrel Bissell.* The defendant pleaded in bar " That the plaintiff commenced his action against the said *Titus L. Bissell,* returnable to the county court of *New-London* county, in *December,* 1818, for the same matter, cause and thing as is contained in this action, and charging him with the same default in relation to the collection of the said

*New-London,* execution, and comprising the whole grievance stated in this
July, declaration; and therein recovered a lawful judgment for all
1822. the damages, which he had sustained thereby, *viz.* the sum
of 114 dollars, 48 cents, with costs, and thereupon had a law-
Morgan
*v.*
Chester. ful writ of execution against the said *Titus L. Bissell,* and
him, by virtue thereof, caused to be committed, prior to the
commencement of this action, to the common gaol in *Hart-
ford;* and said execution was returned, by the officer who
levied the same, into the office of the clerk of the county
court, satisfied, in the manner aforesaid." To this plea
there was a demurrer; and the case was reserved for the
advice of all the Judges.

*Isham,* in support of the demurrer, contended, 1. That if
an imprisoned debtor is discharged, by law, or his own act;
as if he swears out, or is declared an insolvent or bankrupt;
it is a satisfaction as it respects his body only.

2. That the commitment of the body of one person in exe-
cution, does not discharge any other person liable; nothing
but actual payment being sufficient to discharge the latter.
*Macdonald* v. *Bovington,* 4 *Term Rep.* 825. *Nadin* v. *Battie*
& al. 5 *East* 147. *Lyman* v. *Lyman* & al. 11 *Mass. Rep.* 317.

*Goddard,* contra, contended, That the creditor had a right
to proceed *either* against the sheriff, *or* his deputy; but having
made his election to proceed against one, and the cause of
action having passed *in rem judicatam,* he is precluded from
resorting to the other. He referred to, and commented on,
*Hayling* v. *Mullhall,* 2 *Bla. Rep.* 1235. *Bird* v. *Randall,* 3
*Burr.* 1345. *Kitchen* & al. v. *Campbell,* 3 *Wils.* 304. *Curtis* v.
*Hurlburt,* 2 *Conn. Rep.* 309.

HOSMER, Ch. J. It is unquestionably clear, that the plain-
tiff might have instituted a suit, either against the sheriff, or
his deputy, for the default complained of; and that nothing
short of satisfaction made by one, would annihilate the rem-
edy against the other. Although the causes of action are not
precisely identical; yet the sheriff is subjected equally with
his deputy to a responsibility for his official neglect or mis-
conduct. The relation between them, in point of effect,
produces the same consequences, as that between joint and
several promisers, or joint trespassers: the judgment recover-
ed against one, does not extinguish the right of action against

the rest ; but this consequence merely results, from satisfac-tion made to the creditor. *Sheldon* v. *Kibbe*, 3 *Conn. Rep.* 214.

The taking out execution, and levying it on the body of *Bissell*, was no satisfaction of the plaintiff's demand ; but merely a gage for his debt, or a security for the original cause of action, until it should become productive. *Blumfield's* case, 5 *Co. Rep.* 87. *Drake* v. *Mitchell* & al. 3 *East* 251. 258. *Macdonald* v. *Bovington*, 4 *Term Rep.* 825. *Sheehy* v. *Mandeville* & al. 6 *Cranch* 265. The principle of *transit in rem judicatam*, has relation only to the positive cause of action, on which judgment is rendered ; and operates as a change of remedy ; but it is still merely a security, and effectuates no extinguishment of any collateral concurrent remedy, which the party may have. *Drake* v. *Mitchell* & al. *Sheldon* v. *Kibbe*, ubi sup. Notwithstanding the imprisonment of *Bissell*, until payment or a discharge of the execution, the cause of action against the sheriff, exists unimpaired ; and his liability to suit is the same, as if no action had been instituted.

The other Judges were of the same opinion.

Plea insufficient.