### FOR THE COUNTY OF

# SOMERSET.

### JUNE TERM,

## 1827.

---

*Memorandum.* The Chief Justice was not present at this term.

---

## WHITE *vs.* PHILBRICK.

A judgment in trover, if execution be sued out thereon, though without satisfaction, is a bar to an action of trespass afterwards brought by the same plaintiff, against another person, for taking the same goods.

TRESPASS *de bonis asportatis.* The defendant who was a coroner, had seized the goods in execution, at the suit of one *Benjamin Adams,* against one *Levi Barrett;* for which taking the plaintiff brought trover against *Adams,* and had judgment and execution. But not being able to obtain satisfaction against *Adams,* who had absconded, the plaintiff afterwards brought this action of trespass against the coroner, for the original taking. And upon these facts the question whether this action was maintainable, was referred to the decision of the court.

*Boutelle,* for the plaintiff, contended that the former judgment against *Adams,* for the value of the goods, was no bar to this action, it not having been satisfied. Before the case of *Broome v. Wooton*

*Yelv.* 67. *Cro. Jac.* 73, the law to this effect was well settled ; and the authorities collected by the learned editor of the late edition of *Yelverton* clearly shew that the text of that case is not law. The judgment is only a security for the original debt, or cause of action. It is payment or satisfaction, and that alone, which changes the property. *Solutio pretii emptionis loco habetur.* If it were not so, then an accord, by one of several trespassers, without satisfaction, would be a good bar ; contrary to all authority. *Bro. Abr. Judgment,* 98. *Livingston v. Bishop* 1 *Johns.* 290. *Campbell v. Phelps* 1. *Pick.* 62. *Rawson v. Turner* 4. *Johns.* 469. *Drake v. Mitchell* 3. *East,* 252.

*Allen,* for the defendant, relied on the authority of *Broome v. Wooton, Yelv.* 67, as conclusive in his favor ; and said that the cases collected in the note by Mr. *Metcalf* went to shew, not that the judgment in that case could not be supported, but that the reasons given for it were unsound. In *Livingston v. Bishop* it is said that to constitute a perfect bar, an execution must be sued out ; which may be considered as an election *de melioribus damnis ;* and such was the fact here. And the rule that in trespass or trover for taking goods, a judgment for the plaintiff *ipso facto* changes the property, is founded in good reason ; since otherwise one party might retain the goods, and another, however morally innocent, be compelled to pay their value.

WESTON J. delivered the opinion of the Court in *Cumberland,* at *May* term 1828.

In regard to the principal question presented in this case, there is great want of clearness in the authorities. According to the case of *Brown,* or *Broome v. Wooton,* cited from *Yelverton,* the former judgment in trover by the plaintiff against *Adams,* execution being sued out thereon, although without satisfaction, is a good bar to the action. The reason for this decision, as there reported, is, that what was before uncertain, is by the judgment made certain ; *transit in rem judicatam ;* and so altered and changed into another nature than it was at first. Mr. *Metcalf,* the learned editor of *Yelverton,*

White *v.* Philbrick.

in his note upon this authority says, that he finds no case in which the point therein decided has been otherwise adjudged; but he shows very satisfactorily that the reason assigned, namely, uncertain damages having become certain by the first judgment, is not supported by the authorities. And there is as little foundation for the opinion, that merely because the original cause of action had passed into a judgment against one of the parties liable, no collateral remedies for the same cause could be pursued against others, who were also liable. In the case of joint and several obligors and promissors, against whom it is a very common practice to bring several actions, it never was pretended that a judgment in one was a bar to another. The case cited, is reported in *Cro. Jac.* 73, where the reason assigned by *Fenner J.* is, that in case of trespass, after the judgment given, the property of the goods is changed, so as he may not seize them again. *Mr. Metcalf* admits that if this principle be correct, the decision may be supported on that ground. In *Adam v. Broughton,* 2. *Stra.* 278, the court decided that a recovery in trover against one, vested the property in him, although he had obtained an injunction on the judgment; so that the plaintiff could not, in the second action, say that the goods were his. *Chitty,* in his treatise on pleading, 1. *Chitty,* 76, says, a recovery against one of several parties to a joint tort, frequently precludes the plaintiff from proceeding against any other party, not included in such action. And he cites *Broome v. Wooton* in support of this position. It is laid down in 3. *Dane, ch.* 77, *art.* 1, *sec.* 2, that when the plaintiff recovers damages in trover, for the value of the goods, the property of them rests in the defendant. So far as a change of property, consequent upon the judgment, constitutes a good defence to a second action against another party, it is limited to actions of trover, and of trespass, *de bonis asportatis,* and does not apply to other actions of trespass. *Parker C. J.* in the case of *Campbell v. Phelps,* cited in the argument, appears to admit that both in trover, and in trespass *de bonis asportatis,* the property rests in the defendant. This *Wilde J.* in the same action denies, unless upon satisfaction of the judgment. And he founds his opinion upon the principle, that payment of the value, and not the judgment, is that which operates a transfer of the

White v. Philbrick.

property; and this upon the maxim, *solutio pretii emptionis loco habetur*. The party injured has unquestionably a right to retake his goods peaceably, at any time before judgment. If, after that, this remedy be gone, it is in consequence of his voluntary election to have judgment in damages for the value of the goods, upon the assumption that the other party has carried them away, or converted them to his own use. For the injury sustained, in which the value of the goods lost constitutes the principal ingredient, he has process of execution against the property and the body of the defendant, which is the highest civil remedy known to the law. Upon this process, the property taken or converted, if still retained by the defendant, may be seized. From the nature of the remedy pursued, damages, and not the restoration of the property, is the indemnity sought. There are other modes of redress, at the election of the party, by which the law will aid him in reclaiming his property specifically. The authorities, therefore, which determine that the property in the goods passes, by the judgment, to the defendant, where it is taken for their value, do not seem to be hard or unreasonable. It is not so obvious how this change of property, which aggravates the damages on the part of the plaintiff, should defeat a collateral remedy against a cotrespasser. The reason assigned by *Parker C. J.* in the case last cited is, that as by the first judgment, " the property of the goods will vest in the defendant, and as no cotrespassers are entitled to contribution among each other, it would seem unjust that one should have all the property, and another pay all the damages." But the very rule adverted to, that the law will not enforce contribution among cotrespassers, shows that its decisions are not moulded with a view to the adjustment of any equities which may arise between them.

In the case of *Drake v. Mitchell*, 3. *East*, 252, Lord *Ellenborough* says, that " a judgment recovered in any form of action, is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and therefore, till then, it cannot operate to change any other collateral concurrent remedy, which the party may have." But the case of several securities for the same demand, was then under the consideration of the court,

White *v.* Philbrick.

and this opinion must be held to be limited to actions founded on contract; and it is so regarded by *Parker C. J.* in *Campbell v. Phelps.*

But notwithstanding the bearing of several cases to that effect, it must be held questionable whether a judgment merely, without satisfaction against one cotrespasser for goods carried away, or against one of several persons liable in trover, is a bar to an action against the others. There are, however, technical reasons, and legal authorities in support of the doctrine, that such judgment, if execution be taken out thereon, is to be regarded as a bar. And with this qualification, the cases, if not entirely reconciled, will be found more consistent with each other. It is certainly an established principle of law, that several actions may be brought for a joint trespass; and the authorities warrant their prosecution, at least, until the amount of damages is settled by verdict. But as the party injured can have but one satisfaction, he may make his election *de melioribus damnis;* and having made it, he is concluded by it. And herein this class of cases differs from collateral remedies on contract; as, for instance, against the maker and the several indorsers of a negotiable note of hand. The reason may be, that in the former, the several judgments may vary in amount, and as the damages depend upon opinion, and as there may be many just causes for a discrimination, such variance may be expected; but in the latter, each will be liable for the same amount, which is to be ascertained by calculation. Now when the plaintiff, in a several action of the former description, sues out execution, he makes his election.

In Sir *John Heydon's* case, 11. *Co.* 5, it was resolved, that where several juries assess different damages against several cotrespassers, the plaintiff may make his election *de melioribus damnis;* but that he can have but one execution. And although *Kent C. J.* in 1. *Johns.* 290, cited in the argument, questions the extent of the decision in *Broome v. Wooton,* he admits that as execution had been sued out on the judgment held to be a bar, this may be deemed an election *de melioribus damnis,* and thus be held sufficient to foreclose other collateral remedies.

White *v.* Philbrick.

Upon the whole, as the case of *Broome v. Wooton* is exactly in point; as it does not appear to have been overruled; and as it may be supported upon the ground last stated, although not for the reasons assigned in that decision, we are of opinion that the judgment and execution, obtained by the plaintiff against *Adams* for the same cause, is a bar to this action.         *Plaintiff nonsuit.*