## GLASS *versus* NICHOLS.

In the trial of an action, the record of a former judgment between the same parties or those in privity with them, may be used as evidence.

One who has been adjudged trustee, because holding goods under a sale, which was fraudulent and void as against creditors of the principal defendant, is in privity with him.

An officer, who has attached goods by order of a plaintiff is in privity with him.

Hence such officer, when sued by *such a trustee* for having attached the goods pursuant to such order, may, as a privy to the attaching plaintiff, use in evidence the record of the judgment against the trustee.

REPLEVIN of goods which had been attached by the defendant, a deputy sheriff.

The defendant in the District Court filed three pleas in abatement, grounded upon alleged defects in the service of the writ and in the replevin bond.

To these pleas the plaintiff demurred, protesting however

against any right in the defendant to present more than one plea in abatement.

These demurrers were joined. That Court adjudged the pleas to be bad, and ordered the defendant to answer over.

It was the intention of the defendant to file exceptions to that ruling, but he failed to do so, through the unexpected abolishment of that Court, defeating some amicable arrangement by which the exceptions were to be filed as of term time, though at a subsequent day. As the business of that Court was transferred to this, the defendant now applies for a revision of that ruling.

If, however, no revision, favorable to the defendant, can be had, the parties present the following as an agreed statement of facts ; viz : —

The goods were formerly the property of one Longfellow. On Oct. 11, 1849, he transferred them to this plaintiff by a bill of sale, absolute in its terms, under which the plaintiff now claims to hold them. One McLellan immediately afterwards attached them in a suit against Longfellow. This defendant was the officer by whom that attachment was made, by McLellan's direction. This replevin was then sued out to regain possession of the goods.

On Oct. 22, 1849, McLellan sued Longfellow upon another cause of action, and summoned this plaintiff as trustee, who disclosed, claiming ownership of the goods under the sale from Longfellow. McLellan filed an allegation, that the sale was fraudulent as to Longfellow's creditors.

To sustain that allegation, evidence was introduced in the District Court. The adjudication there was, " Trustee charged." Upon exceptions taken, that adjudication was affirmed in this Court. That trustee suit is still pending against the principal defendant.

The earlier suit against Longfellow, (that in which the goods were attached,) has been settled, and the attachment discharged.

This action is defended in behalf of McLellan, and by permission of this defendant.

"If the record, (in that trustee suit,) of said proceedings against Glass as trustee, and of the decision thereon, would, after final judgment rendered, be admissible and conclusive against said Glass in this action," the parties agree that judgment shall be rendered for the defendant; otherwise for the plaintiff.

*Gilbert*, for the plaintiff.

There is no record, by which this plaintiff can be bound. The record of the *trustee suit*, relied upon by the defendant, it is not competent for him to use. For he was not a party to it; nor, in any legal contemplation, can he be considered as a privy.

The case shows that *this suit* is defended in behalf of McLellan. But he is wrongfully here. He gave no bond of indemnity to the officer, and is not in privity with him. He is not a party, and therefore cannot be allowed to defend; for surely it will not be pretended that he could be constituted a party by the mere permission to him from the officer to come in and defend.

McLellan has no interest. He has received his pay. He attached, not to establish in himself a title to the goods, but merely to get the avails of a sale of them. But the debt, on which they were attached, has been paid. What rights then has he in the case?

Suppose Nichols should recover here, he can have no return of the goods, for the suit upon which he attached them having been settled, and the attachment discharged, he has no claim upon which he can appropriate them or hold them. This shows that there is no privity of McLellan in this suit. How then can the record of the trustee suit be admissible here?

But, if admissible, it proves nothing material. It shows no fraud in this plaintiff. The adjudication was simply, "Trustee charged." This does not show what was the ground of the decision. Neither does the decision in this Court give any further light, or show any thing, except that Glass was chargeable as trustee. How then does it appear

that Glass held the goods fraudulently? He might have been charged on some other ground than that of fraud.

If then, no fraud is shown in the sale from Longfellow, that sale must stand, and the plaintiff must recover.

But suppose the former adjudication would have precluded Glass, upon such a state of facts as was *then* before the Court, yet, the fraud having since been purged, the sale, under which the plaintiff claims, must be confirmed.

*Merrill*, for the plaintiff.

Rice, J. — The defendant seasonably filed pleas in abatement which were overruled by the Judge of the late District Court, on demurrer. To that decision the defendant excepted, but has never filed his exceptions. What would have been the decision of this Court, had those exceptions been filed and presented, is not material. Not being before us, they cannot be considered.

Hannibal Longfellow was, prior to Oct. 11, 1849, the acknowledged owner of the goods in controversy. On said 11th day of October, Longfellow transferred, by bill of sale, absolute on its face, the goods to the plaintiff. Subsequent to that transfer Samuel McLellan commenced an action against Longfellow and placed his writ in the hands of the defendant, who was a deputy sheriff, with directions to attach said goods as the property of Longfellow, which was done, and thereupon the plaintiff brought this action.

On the 22d of October, 1849, the same Samuel McLellan brought another action, for a different cause, against said Longfellow, and summoned the plaintiff as his trustee, claiming to hold on the ground, that the sale from Longfellow to the plaintiff was fraudulent. The question whether the plaintiff should be held as the trustee of Longfellow was litigated before the District Court, and resulted in a judgment in which he was charged. To this adjudication of the District Judge exceptions were filed and prosecuted in this Court. *McLellan* v. *Longfellow & Trustee*, 32 Maine, 494. In that case, the Court, after excluding certain testimony which

had been admitted in the Court below, proceed to say "there will still remain evidence sufficient, in the opinion of the Court, to show that Glass had in his possession goods and effects of the principal defendant, which he holds under a conveyance that is not *bona fide* but fraudulent as to creditors of the defendant. Under the provisions of the R. S. c. 119, § 69, he is chargeable as trustee."

It is admitted, that the parties in interest, in the case at bar, are the same as in the case referred to above, and that the goods and the bill of sale, by which they are claimed by the plaintiff are also the same. But it is contended, that the record of the decision of the District Court does not show that Glass held the goods fraudulently ; the adjudication of that Court being simply, " Trustee charged." This may be true, but it is not material. As that case was transferred from the District Court, to this Court by exceptions, and under the provisions of c. 117, § 1, of the laws of 1849, was reëxamined both as to fact and law and determined by the full Court. Upon that examination the Court found *that* Glass held the goods under a conveyance that is not *bona fide*, but fraudulent as to the creditors of Longfellow. By that adjudication the parties in this suit are bound. According to the agreement, judgment must be for the defendant.

SHEPLEY, C. J., and WELLS, HOWARD and HATHAWAY, J. J., concurred.