## Case No. 9,963.

### MURRAY v. LOVEJOY et al.

[2 Cliff. 191; [1] 26 Law Rep. 423.]

Circuit Court, D. Massachusetts. May Term, 1863.[2]

WRONGFUL ATTACHMENT—ACTION FOR—RATIFICATION OF ACTS OF ATTORNEY—BAR TO ACTION.

1. An attaching creditor, by giving a bond of indemnity to the sheriff, and ordering him to sell the attached property, thereby ratifies the act of his attorney in directing such attachment, and becomes liable as a trespasser to the owner of the property so attached, if the same is not the property of the debtor; and if such creditor is notified of a suit pending against the sheriff for such property, and appears and assumes the defence of the suit, the judgment rendered therein is conclusive in another suit against him for the same trespass.

[Cited in The Kalorama, 10 Wall. (77 U. S.) 218.]

[Cited in Dempsey v. Chambers, 154 Mass. 334, 28 N. E. 280.]

2. Judgment against the sheriff without satisfaction, is not a bar to a subsequent suit against the attaching creditor.

[Cited in Lightner v. Brooks, Case No. 8,344; Phoenix Ins. Co. v. The Atlas, 93 U. S. 315; Sessions v. Johnson, 95 U. S. 349; Barnes v. Viall, 6 Fed. 671.]

[Cited in Knight v. Nelson, 117 Mass. 460; Elliott v. Hayden, 104 Mass. 181.]

3. Partial satisfaction by the sheriff of the judgment against him, is not an obstacle to a subsequent suit against the attaching creditor, but will go in reduction of the damages.

[Cited in New England Mut. Marine Ins. Co. v. Dunham, Case No. 10,155.]

This was an action of trespass, and the case came before court upon an agreed statement of facts.

### Agreed Statement of Facts.

[3] [This is an action of trespass. The writ bears date on the first day of October, A. D. eighteen hundred and sixty. And the writ and declaration are made a part of the case. The plaintiff [Edward D. Murray] is a citizen of Beloit, in the state of Wisconsin, and the defendants are citizens of Boston, Massachusetts. The defendants in this suit, William R. Lovejoy & Co., on the sixteenth day of May, A. D. eighteen hundred and fifty-seven, in a suit wherein they were plaintiffs, and one O. H. Pratt was defendant, in the district court of Dubuque county, Iowa, made an attachment in Dubuque of certain personal property, as the property of said Pratt, for which the plaintiff in this suit now sues. M. M. Hayden was the sheriff who made the attachment. Chapline and Dillon were the attorneys of said William R. Lovejoy & Co., in that suit, and gave a bond, a copy of which is hereto annexed, and which the defendants ratified. The said William R. Lovejoy & Co. recovered judgment against said Pratt, in said suit, and the property attached was sold by said Hayden upon said William R. Lovejoy & Co.'s process, by the direction of their attorneys. The plaintiff in this suit claiming said property, on the thirtieth day of May, in the year eighteen hundred and fifty-seven, sued said Hayden in the district court for said county of Dubuque for the same trespass in so attaching said property that he now sues these defendants for, and recovered, on a verdict of the jury, judgment against said Hayden in that action, on the twentieth day of October, A. D. eighteen hundred and fifty-nine, for six thousand two hundred and thirty-three dollars and three cents damages, and costs of suit, taxed at seventy-seven dollars and fifty-five cents, which judgment has never been reversed, and is still in full force. And the said Hayden satisfied said judgment in part, to wit, for the sum of $830 out of the proceeds of the attached property before the bringing of this suit against the defendants. Either party may refer to a certified copy of said judgment against said Hayden

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Affirmed in 3 Wall. (70 U. S.) 1.]

[3] [From 26 Law Rep. 423.]

as a part of this case. The said Hayden notified said William R. Lovejoy & Co.'s said attorneys, Chapline and Dillon, to defend said suit so brought against said Hayden, and said William R. Lovejoy & Co. employed and paid said Chapline and Dillon to defend the same, and they did defend it, and had the exclusive control of the defence of said suit, being assisted therein by Benjamin M. Samuels, Esq., who was employed by William R. Lovejoy & Co., by their said attorneys, Chapline and Dillon, and who was paid by William R. Lovejoy & Co., and said Hayden paid him also $100 out of the proceeds of the attached property. On the twenty-eighth day of April, A. D. 1860, said William R. Lovejoy & Co. paid to said Hayden $1,000, and said Hayden delivered up said bond to them, and it is now in their possession, the plaintiff not admitting that said bond was rightly delivered up. Either party may refer to the printed laws of Iowa. If the court are of the opinion that the plaintiff cannot maintain this action against the defendants by reason of having recovered judgment against the sheriff, Hayden, and by reason of having received part satisfaction of him, judgment is to be entered for the defendants, otherwise the case is to stand for trial before the jury, unless the court shall be of opinion that the defendants are estopped upon the foregoing facts, by the judgment in said suit against the said Hayden, from making further defence in this action, in which case the court are to enter such judgment as shall be proper. Either party may prosecute a writ of error to the supreme court of the United States.

[Brooks and Ball, Plaintiff's Attorneys.
[Hutchins and Wheeler, Defendants' Attorneys.

[Know all men by these presents, that we the undersigned, William R. Lovejoy & Co., of New York, C. J. Cummings, and B. W. Balch, of the city and county of Dubuque, Iowa, are held, and firmly bound unto M. M. Hayden, sheriff of the county of Dubuque, state of Iowa, in the penal sum of nine thousand dollars, well and truly to be paid.
[Dated this 16th day of May, A. D. 1857.

[The condition of this obligation is such, that whereas the said Hayden, as sheriff of Dubuque county aforesaid, has attached and taken possession of certain dry goods and merchandise more particularly described in an inventory hereto annexed, and marked "Exhibit A," at the request of William R. Lovejoy & Co., under and by virtue of a writ of attachment issued out of the office of the clerk of the district court of Dubuque county, aforesaid, in the cause of the said William R. Lovejoy & Co. v. O. H. Pratt, now pending in said court. Now, therefore, if the above bound William R. Lovejoy & Co. shall and will pay all damages which the said Hayden may sustain, or which may be recovered against him by reason of his attaching said property as aforesaid, and shall in all respects save the said Hayden harmless in the premises, then this obligation to be void, otherwise in full force and effect in law.

[Wm. R. Lovejoy & Co., by Chapline and Dillon, Their Attorneys.
[C. J. Cummings,
[B. W. Balch.

[Received, Dubuque, Iowa, April 28, 1860, from A. H. Dillon, Jr., for William R. Lovejoy & Co., one thousand dollars, balance in full of the above bond, all damages which I have, or may sustain, or which may have been, or may be recovered against me by reason of my attaching of property therein set forth.
[M. M. Hayden, Ex-Sheriff of Dubuque Co., Iowa.] ³

---

³ [From 26 Law Rep. 423.]

Brooks & Bell, for plaintiff.

Torts are joint as well as several, and a party can maintain an action against all the tort feasors or against each one separately. Baker v. Lovett, 6 Mass. 80; Smith v. Rines [Case No. 13,100]. If this be true, all the legal consequences must follow, and the injured party may have the right to pursue each tort feasor to judgment and execution.

A judgment against one tort feasor is no bar to a suit against another, unless full satisfaction of the judgment has been obtained. Morgan v. Chester, 4 Conn. 387; Hyde v. Noble, 13 N. H. 501; Hepburn v. Sewell, 5 Har. & J. 211; Calkins v. Allerton, 3 Barb. 173; Curtis v. Groat, 6 Johns. 168; 1 Greenl. Ev. § 533; 2 Kent. Comm. 388, 389.

All the case finds is, that judgment was obtained by the plaintiff against the attaching officer, but no execution issued, and the officer paid a small sum on the judgment. Simonds v. Center, 6 Mass. 18; Ward v. Johnson, 13 Mass. 150; Drake v. Mitchell, 3 East, 258.

A verdict and judgment against the attaching officer are conclusive upon the defendants; the sheriff was their agent. He notified them to defend the suit against them; they were the real parties in interest. Privies as well as parties are concluded by a judgment. 1 Greenl. Ev. § 523; Smith v. Kernochen, 7 How. [48 U. S.] 209–216; Glass v. Nichols, 35 Me. 328; Castle v. Noyes, 14 N. Y. 329; Eaton v. Cooper, 29 Vt. 444; Peterson v. Lothrop, 34 Pa. St. 228; Hancock v. Welsh, 1 Starkie, 347; Farnsworth v. Arnold, 3 Sneed, 252; Griffin v. Reynold, 17 How. [58 U. S.] 609; Carpenter v. Pier, 30 Vt. 88; State v. Colerick, 3 Ohio, 487; Kent v. Hudson R. R. Co., 22 Barb. 278; Bates v. Stanton, 1 Duer, 79; Calhoun v. Dunning, 4 Dall. [4 U. S.] 120; Atkinson v. Purdy [Case No. 616]; Sevey v. Chick, 13 Me. 141; Lanfear v. Sumner, 17 Mass. 112; Kip v. Brigham, 6 Johns. 158; Stevens v. Hughes, 31 Pa. St. 381.

Henry C. Hutchins, for defendants.

The recovery of judgment by the plaintiff in Iowa against the officer who served defendants' process, for the same trespass for which he now sues the defendants, bars the plaintiff from maintaining this action against the defendants. White v. Philbrick, 5 Me. 147; Campbell v. Phelps, 1 Pick. 62; Alexander v. Taylor, 4 Denio, 302; Fox v. Northern Liberties, 3 Watts & S. 103; Davis v. Scott, 1 Blackf. 169; Allen v. Wheatley, 3 Blackf. 332; U. S. v. Cushman [Case No. 14,908]; Trafton v. U. S. [Id. 14,135]; 2 Kent. Comm. 389; Ward v. Johnson, 13 Mass. 148; 1 Greenl. Ev. (3d Ed.) § 533, note 3; Add. Torts. 750, 753; 2 Hil. Torts, 329, 330; Buckland v. Johnson, 15 C. B. 161; King v. Hoare, 13 Mees. & W. 504, 506; Lechmere v. Fletcher, 1 Cromp. & M. 623; Bird v. Randall, 3 Burrows, 1345.

In White v. Philbrick, it was held that recovery of judgment and issue of execution would bar a second suit.

But if the court shall be of opinion that a party may sue and recover separate judgments against co-trespassers, then we say that the recovery of judgment against the officer and the receipt of partial satisfaction of that judgment by the plaintiff, will operate as a bar to this suit. Thomas v. Rumsey, 6 Johns. 26; Livingston v. Bishop, 1 Johns. 290; Page v. Freeman, 19 Mo. 421; Knott v. Cunningham, 2 Sneed, 204; Fox v. Northern Liberties, 3 Watts & S. 103.

To accept partial satisfaction of one judgment is an election, and after that he is not at liberty to commence a new suit for the original trespass. The original trespass does not remain as it was, it has been partially satisfied. The original state of things has been changed, and by the act of the plaintiff. If the party may take a small part, why not take the whole?

How can the court proceed now to try the

original trespass when it has been partially settled for? How would the court proceed at the trial? What becomes of the $800 payment? Must it not be credited in some way, and if so, how? The plaintiff is seeking to recover full damages for a wrong partially redeemed, and if permitted will lead to double satisfaction. Fox v. Northern Liberties, 3 Watts & S. 103.

The fact that payment was made by the sheriff from the proceeds of the goods sold can make no difference as to its effect. It was received as a payment and must operate as a payment. The money used had no ear-mark, and the payment cannot be recalled, and the money was not paid with the assent or knowledge of the defendant.

The defendants are not estopped to defend this suit because the plaintiff recovered judgment against the officer, or because the defendants took part in the defence. If the officer had sued defendants upon their bond of indemnity against that suit, and upon notice or otherwise the defendants had defended the suit, then, perhaps, the defendants, as between them and the officer, would have been concluded by the judgment. But that is not the question here. The question is whether one trespasser is concluded from defending a suit against himself because a judgment has been recovered against a co-trespasser.

The defendants were neither parties nor privies to the plaintiff's judgment against the sheriff. Sprague v. Waite, 19 Pick. 455; 1 Greenl. Ev. § 535; Kinnersley v. Orpe, 2 Doug. 517; Alexander v. Taylor, 4 Denio, 302.

[CLIFFORD, Circuit Justice. This is an action of trespass, and the case comes before the court upon an agreed statement of facts. Referring to the agreed statement, it will be seen that the present defendants, on the sixteenth day of May, 1857, in a certain suit, wherein they were plaintiffs, and one O. H. Pratt was defendant, attached certain personal property as the property of the defendant in that suit. According to the agreed statement, the suit was commenced in the district court for the county of Dubuque, in the state of Iowa, and the writ of attachment was served, and the attachment made by the sheriff of that county; but the case shows, that in serving the writ, and in making the attachment, he acted by the directions of the attorneys of the plaintiffs in the suit, and that they, the attorneys, gave him a bond of indemnity, conditioned that the plaintiffs should pay all damages he might sustain by reason of his making the attachment, and stipulating to save him harmless in the premises, and that the plaintiffs ratified their doing in giving the bond. Agreed statements also show, that the plaintiffs in that suit recovered judgment, and that the property so attached was sold under the process of the plaintiffs, and by the directions of their attorneys. Property so attached and sold, was claimed by the plaintiff in this suit, and he, on the thirtieth day of May, 1857, brought an action of trespass against the sheriff, who had thus attached and sold the property. Due notice was given by the sheriff to the attorneys who brought the attachment suit and gave the directions and executed the bond of indemnity, to appear, and defend the trespass suit, and the present defendants employed counsel and defended the suit. Trial was had, and on the twentieth day of October, 1859, judgment was rendered against the sheriff for the sum of six thousand two hundred and thirty-three dollars and three cents damages, and costs of suit, taxed at seventy-seven dollars and fifty-five cents. No execution ever issued upon the judgment, but the case shows that the sheriff satisfied the judgment against him, in part, to wit, for the sum of eight hundred and thirty dollars, out of the proceeds of the attached property. Present defendants employed the counsel to defend that suit, and had the exclusive control of the defence; and the case shows that they had paid all of the counsel fees, except one hundred dollars, which was paid by the sheriff out of the proceeds of the attached property, and it should be remarked, that both of the payments made by the sheriff out of the proceeds of the attached property, were made prior to the commencement of this suit. Mention should also be made of the fact, that, on the twentieth day of April, 1860, the present defendants paid the sheriff one thousand dollars, and that he on the same day surrendered the bond of indemnity to their attorneys; but it should be remarked, in the same connection, that the admission to that effect is accompanied by a denial on the part of the plaintiff in this suit, that the surrender so made was rightful, and also that the bond is now in the possession of the attorneys to whom it was delivered. Writ is dated the first day of October, 1860; and the agreement is, that if the court should be of opinion that the suit cannot be maintained against the defendant, by reason of the former judgment against the sheriff, and by reason of having received part satisfaction of him, then judgment is to be entered for the defendants; otherwise the case is to stand for trial, unless the court shall be of opinion that the defendants, upon the foregoing facts, are estopped from making further defence in this action, in which event the court is to enter such judgment as shall be proper.] [4]

Practical questions, like those presented in this record, ought not now to be the subject of dispute or doubt, but it must be admitted, that in respect to most or all of them, it would not be difficult to present authorities of an entirely contradictory character. Certain general principles, however, which are applicable to the case may be regarded as settled; and among the number is the rule, that the attachment and sale of the property of a third person, under the circumstances disclosed in the agreed statement, is tortious, as against the person whose property is so taken and converted, and renders the sheriff liable to the plaintiff therefor, as a wrongdoer.

---

4 [From 26 Law Rep. 423.]

Doubt cannot be entertained upon the subject, and it is equally clear that the present defendants rendered themselves also liable to the plaintiff as wrongdoers, by subsequently ratifying the directions given by their attorneys, and by approving what they had done, in giving the bond of indemnity. Indemnification itself must be regarded as a ratification of the attachment, and as the cause of the subsequent sale; and the well-settled rule is, that all persons who direct, or request another to commit a trespass, are liable as co-trespassers, if their directions or request are obeyed and followed. Herring v. Hoppock, 15 N. Y. 409; Castle v. Bullard, 23 How. [64 U. S.] 185. Where the attachment is made by the directions of the plaintiff, he is as much liable as the sheriff making it; and after conversion, the injured party may sue both or each one separately, as in other cases of joint and several liability. More than half a century ago, Parsons, C. J., held, in Baker v. Lovett, 6 Mass. 80, that where a trespass had been committed by several persons jointly, the party injured might sue any or all the trespassers, but he could have but one satisfaction for the same injury. Nothing is more clear, said Judge Story, in Smith v. Rines [Case No. 13,100], than the right of the plaintiff to bring an action of trespass, or trespass on the case, against all the wrongdoers, or against any one or more of them at his election. Undoubtedly, the injured party may proceed against all the wrongdoers, jointly, or he may sue them all or any one of them separately; but if he sues them all jointly, and has judgment, he cannot afterwards sue any one of them separately; or if he sues one separately, and has judgment, he cannot afterwards sue them all in a joint action, because the prior judgment against one is, in contemplation of law, an election on his part to pursue his several remedy; but it is no bar to a suit for the same trespass against any one or more of the other co-trespassers. Cases may be found, and have been cited at the bar, which assert a different rule, and which decide, that, where separate actions are commenced against several tort feasors for the same act of trespass, the pendency of the first suit may be pleaded in abatement of all the rest; but the doctrine, as was well said by Prentiss, J., in Sanderson v. Caldwell, 2 Aikens, 201, is opposed to the principle, which runs through all the authorities, that a separate trespass attaches to each of the parties individually, and which asserts that the plaintiff may sue all or any of them, or bring separate suits against each, at his election. Heydon's Case, 11 Coke, 5; Mitchell v. Tarbutt, 5 Term R. 649; Thomas v. Rumsey, 6 Johns. 30; Livingston v. Bishop, 1 Johns. 290; Brooke, Abr. "Judgment," Pl. 98; Cocke v. Jennor, Hob. 66; Corbet v. Barnes, W. Jones. 377; Bird v. Randall, 3 Burrows, 1345. Much discussion, says Mr. Greenleaf, has taken place as to the effect of a former recovery, in cases where different actions of tort have successively been brought in regard to the same chattel; as, for example, where an action of trover is brought after a judgment in trespass. Great diversity of opinion, he says, has existed, whether a plaintiff, after having recovered judgment in trespass without satisfaction, is thereby barred from subsequently maintaining trover, against another person for the same goods. Decided cases, asserting the negative, assume that the recovery of the judgment, in trespass, for the full value, has the effect to vest the title to the property in the defendant in that suit; and consequently, that the plaintiff cannot recover of another for that which he himself has ceased to own. Broome v. Wooton, Yel. 67. Other cases decide that the rule of transit in rem judicatam, extends no further than to bar another action for the same cause, against the same party. Of this latter class, the case of Drake v. Mitchell, 3 East, 258, may be regarded as the most important; and Mr. Greenleaf, after referring to it, states that the weight of authority seems in favor of the latter opinion, and the same views are expressed in numerous cases decided by different courts in the United States. Lord Ellenborough held, in the case last named, that a judgment recovered in any form of action, was still but a security for the original cause of action, until it was made productive in satisfaction to the party; and therefore, until then, that it could not operate to change any other collateral, concurrent remedy which the party might have. Attempt was made by a majority of the court in Campbell v. Phelps, 1 Pick. 62, to maintain that there was a distinction between cases of trespass or trover for goods, and trespass for a personal wrong or injury done to property; but Parker, C. J., who gave the opinion, was compelled to admit, that according to the modern decisions, nothing short of satisfaction of a judgment against one trespasser, for any tortious act, would bar an action against his associates; and Wilde, J., utterly denied that there was any such distinction, and held that a recovery against one person, without satisfaction, was no bar to an action against another, for the same cause, and that there was no difference in this respect between joint contracts and joint torts. Adverting to the maxim solutio pretii emptionis loco habetur, Chancellor Kent says (2 Comm., 10th Ed., 388), that "the books either do not agree, or do not speak with precision on the point, whether the transfer takes place, in contemplation of law upon the judgment merely, or whether the amount of the judgment must be first actually paid or recovered by execution." Three theories, it will be seen, are stated by that author. First, that the mere recovery of judgment transfers the title, and he refers to Broome v. Wooton, Yel. 67, as an example of the cases where that doctrine is held. Secondly, that the recovery of judgment merely, does not have that effect; but if ex-

ecution follow, the two things combined transfer the property. The example given, is that of a case in Jenkins; but the language of the opinion is, that "by the recovery and execution done thereon," the property of the chattel is vested in the trespasser. Jenk. Cent. 189. Language to the same effect is employed in Shep. Touch. tit. "Gift," where it is said, that if one recovers damages of a trespasser for taking his goods, the law gives the trespasser the property of the goods because he has paid for them; but he has not paid for them, unless something has been done besides the issuing of the execution, which is only an incident of the judgment, an act of the clerk. Two cases, however, are cited. which support that view of the law, but neither of them seems to rest upon any substantial basis. Curtis v. Groat, 6 Johns. 168; White v. Philbrick, 5 Me. 147. Thirdly, the reference is to the rule of the civil law, that when the wrongful possessor or movable property, who is not in a condition to restore it, has been condemned in damages, and has paid the same to the original proprietor, he becomes possessed of the title; and the learned author refers to Drake v. Mitchell, 3 East, 251, as an example of the decisions of the common-law courts, where that view of the law is maintained. Commenting upon that case, he concludes by saying. this is the more reasonable, if not the most authoritative conclusion on the question. Some diversity of judicial decision still exists, even in this country; but the great weight of authority in the United States, is on the side of the theory, that nothing short of satisfaction transfers the title, and in that view of the question I entirely concur. Morgan v. Chester, 4 Conn. 387; Hyde v. Noble, 13 N. H. 501; Sharp v. Gray, 5 B. Mon. 4; Hepburn v. Sewell, 5 Har. & J. 212; Barb. v. Fish [8 Blackf. (Fed.) 481]; Calkins v. Allerton, 3 Barb. 173; Jones v. McNeil, 2 Bailey, 474; Sheehy v. Mandeville, 6 Cran. [10 U. S.] 253; Cooper v. Shepherd, 3 C. B. 266; Knott v. Cunningham, 2 Sneed, 204. Recovery of judgment merely, therefore, against one of the several tort feasors, is no bar to a suit against another for the same trespass; and it makes no difference whether the plaintiff did or did not take out execution on the first judgment, unless it also be shown that he received satisfaction. Where no satisfaction has been received, the law is clear, to the effect as stated; but the defendants contend, in the second place, that the recovery of judgment against the sheriff, and the receipt of partial satisfaction of the judgment from him, operate as a complete bar, upon the ground that the receipt of partial satisfaction is an election, on the part of the plaintiff, to seek his redress against that party. But the reason assigned for the conclusion, if it be a good one, proves too much, because the plaintiff, when he brought the first suit, elected to seek redress against the party prosecuted, and that election, if such it be regarded, was

confirmed by his act, in prosecuting the suit to judgment. Subsequent acts, however, such as the taking out execution or the receipt of part satisfaction, add nothing to the force of the argument that the institution of the suit, and the prosecution of the same to judgment, show that the plaintiff had elected to seek redress against that party. A recovery of judgment against one is an election, undoubtedly, to regard the remedy as several, and such an election is final and conclusive. But the judgment is no bar to another suit against another of the co-trespassers, as has already appeared. unless the judgment has been satisfied. Full satisfaction by one tort feasor, whether before or after judgment, is a good defence to a suit against any one of the others; but part satisfaction before suit would clearly be no defence, and it is not perceived that part satisfaction after judgment can have any other or greater effect. Suppose the part payment made by the judgment debtor had been made by him before he was sued; in that case it clearly would not have afforded him a full defence to the action, and if not, it is difficult to see how it can be any more effectual as a defence for a co-trespasser. because paid after judgment. Looking at the question as a question of principle. I am of the opinion that there is no middle ground on which a court of justice can safely stand in regard to it. When viewed in that light, it must either be held that the recovery of the judgment is a bar, or that it is no bar; and if the latter, as I hold, then nothing short of full satisfaction is an answer to a suit against another of the co-trespassers. Question is also made, whether the verdict and judgment against the sheriff are or are not conclusive upon the defendants. The affirmative of the proposition is assumed by the plaintiff, and the defendants maintain the negative. The facts of the case have already been stated, and need not be repeated, except to say that the case shows that the defendants were jointly liable for the same trespass; that they were duly notified of the pendency of the suit against the sheriff, and voluntarily appeared and conducted and controlled the defence.

Justice requires, says Mr. Greenleaf (1 Greenl. Ev. § 522), that every cause be once fairly and impartially tried; but the public tranquillity demands, that having been once so tried, all litigation of that question between the parties should be closed forever. No man ought, however, to be bound by proceedings to which he was a stranger; but the converse of the rule is also true, which is, that by proceedings to which he is not a stranger, he may well be held bound. Under the term parties, says the same commentator, the law includes all who are directly interested in the subject-matter, and have a right to make defence. adduce testimony. cross-examine witnesses, and control the proceedings, and appeal from the judgment. Courts of justice in general agree that a

judgment of a court of competent jurisdiction is conclusive in a second suit between the same parties or privies on the same question, although the subject-matter may be different, and a fortiori it is so when the subject-matter is the same. Doty v. Brown, 4 Comst. [4 N. Y.] 71; Castle v. Noyes, 14 N. Y. 331. All parties are estopped by the judgment who had a right to appear, control the defence, and appeal from the judgment. The attachment in this case, in legal effect, had been made by the directions of these defendants, and they had given a bond of indemnity to the sheriff, and stipulated to save him harmless. They were, therefore, under a moral as well as legal obligation to defend the suit; and when they were duly notified to make the defence, and appeared and assumed the control of it, in pursuance of such notice, they had the right to adduce testimony and cross-examine the witnesses, and might have appealed from the judgment. Appeal, undoubtedly, must have been taken in the name of the sheriff; but as they had appeared in the case in pursuance of notice, and the control of the defence had been conceded to them, under the stipulation in the bond of indemnity, to save the sheriff harmless, it cannot be doubted that they might have appealed from the judgment. Castle v. Noyes, 14 N. Y. 332. Where the first action was against the agent, who had taken lumber by the direction of the principal, and the case showed that the principal appeared and defended the suit, the court of appeals, in the case last mentioned, held that the parties in the second suit, which was a suit against the principal, who gave the directions, were to be regarded as the same, and that the former judgment was conclusive. Parties appearing and defending under such circumstances are regarded as having the same rights substantially as the party in fact, and as having the same power and authority to use the judgment against the adverse party. Smith v. Kernochen, 7 How. [48 U. S.] 217–219; Calkins v. Allerton, 3 Barb. 173; Glass v. Nichols, 35 Me. 328; Warfield v. Davis, 14 B. Mon. 33; Tarleton v. Johnson, 25 Ala. 314; Eaton v. Cooper, 29 Vt. 444; Peterson v. Lothrop, 34 Pa. St. 228; Farnsworth v. Arnold, 3 Sneed, 252; Train v. Gold, 5 Pick. 387. The stipulation of the bond of indemnity was, that the defendants would pay all damages the sheriff might sustain, or which might be recovered against him by reason of his attaching the property, and, of course, they covenanted for the results or consequences of any suit which might be brought against him on that account; and I am of the opinion that such a covenant so connected them in privity with the proceedings, that the record of the judgment is as conclusive against them as the actual party to the suit. Rapelye v. Prince, 4 Hill, 119; 1 Greenl. Ev. § 523; Carver v. Jackson, 4 Pet [29 U. S.] 86; Case v. Reeve, 14 Johns. 81; Chapin v. Curtis, 23 Conn. 388; Emery v. Fowler, 39 Me. 326. Judgment,

therefore, must be for the plaintiff; but the question is also presented, as to what the amount shall be, and the authority is conferred upon the court "to enter such judgment as shall be proper." Attention should be called to the fact that the case is presented upon an agreed statement of facts. The federal courts regard such statements as a part of the record; and hence it is that a writ of error will lie upon an agreed statement of facts. Suydam v. Williamson, 20 How. [61 U. S.] 434; U. S. v. Eliason, 16 Pet. [41 U. S.] 291; Stimpson v. Railroad Co., 10 How. [51 U. S.] 329; Graham v. Bayne, 18 How. [59 U. S.] 60.

Regarding the question in that point of view, that it appears of record in this case that the measure of the injury sustained by the plaintiff was legally ascertained in his suit against the sheriff; that it also appears of record that $830 of that amount has been paid, I am of the opinion that the plaintiff is entitled to recover the same damages as in the suit against the sheriff, deducting the amount received in part satisfaction of that judgment, as set forth and admitted in the agreed statement, but adding to the balance so ascertained a sum in the nature of damages equal to six per cent. interest on account of the delay.

Judgment for plaintiff accordingly.

[Upon a writ of error, the case was taken to the supreme court, where the judgment of this court was affirmed, with costs. 3 Wall. (70 U. S.) 1.]