## WILLIAM C. PERVEAR *vs.* CHARLES KIMBALL.

No action lies against a sheriff upon a judgment recovered against his deputy.

CONTRACT against the sheriff of Middlesex upon a judgment recovered against one of his deputies for the wrongful taking of the plaintiff's goods. It appeared that no property of the deputy could be found to satisfy the execution which issued

upon the judgment, and that the defendant refused to pay the same. Judgment was rendered in the superior court for the plaintiff, and the defendant appealed to this court.

*J. Q. A. Griffin*, for the defendant.

*A. V. Lynde*, for the plaintiff.

CHAPMAN, J. If the sheriff is to be regarded as a joint tres·passer with his deputy, as he is said to be in *Morgan* v. *Chester*, 4 Conn. 387, still it was never heard that when a party recovered judgment against one joint trespasser, he could maintain an action on that judgment against another joint trespasser. But the case of *Campbell* v. *Phelps*, 1 Pick. 62, does not regard them as joint trespassers ; for it decides that the party injured by the act of the deputy cannot sue them jointly, but must elect which of them to sue. This view seems to regard them as master and servant. *Parsons* v. *Winchell*, 5 Cush. 592. But if this be the correct view of their relation to each other, still it was never heard that a party, having recovered a judgment against a servant for a tort, could maintain an action upon that judgment against the master.

To maintain an action like the present, it would be necessary to regard the sheriff and his deputy as identical, so that a judgment against the deputy should be regarded as a judgment against the sheriff. It is hardly necessary to say that this would be confounding all legal distinctions.

The authorities cited in behalf of the plaintiff to show that a sheriff is liable for the default of his deputy are not in point, for they have no tendency to show that he may be sued on a judgment recovered against the deputy.

*Judgment for the defendant.*